Dear Mr. Hawkland:
You have asked this office to determine whether R.S. 35:399 authorizes Baton Rouge Airport police officers to be appointed notaries public. For the following reasons, our response is in the affirmative.
Baton Rouge Airport police officers are municipal law enforcement officers. Citing the case of Hair vs. City of Baton Rouge, 297 So.2d 451
(La.App. 1st Cir. 1974), this office has concluded that the Baton Rouge Airport Authority is an arm of the municipality. "In other words, the officers are not employees of a political subdivision separate from the municipality, but are instead employed under the municipality's authority under R.S. 2:131 and R.S. 2:138 to establish and police a city-owned airport". See Attorney General Opinion 83-43, copy attached.
Further, East Baton Rouge Parish Ordinance 5977 recognizes airport district police officers as "municipal police officers" and provides:
 BE IT ORDAINED by the Parish Council of the Parish of East Baton Rouge that Title 15, Chapter 1, of the Code of Ordinances of the Parish of East Baton Rouge is hereby amended so as to add to Section 16 a paragraph (D) which shall read as follows:
 "D) The officers of the Greater Baton Rouge Airport District Police Force are hereby recognized as `Municipal Police Officers' as defined in LA-R.S. 33:2218.1, et seq."
R.S. 35:399 authorizes the chief of police to designate airport police as ex-officio notaries public because they are municipal police officers.[1]
We hope the foregoing is helpful to you. Should you have further questions, please contact us.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] § 399. Ex officio notaries for police departments
A. Notwithstanding any provisions of the law relative to qualifications of notaries public, each chief of police may designateofficers in his office and appoint them as ex officio notariespublic.
B. Each officer so appointed may exercise, in the municipality thatthe police department serves, the functions of a notary public only toadminister oaths and execute affidavits, acknowledgements, and otherdocuments, all limited to matters within the official functions of thepolice department for the enforcement of the provisions of any statutewhich provide for criminal penalties and of the municipal ordinanceswhich the police department is charged with enforcing.
C. Each ex officio notary public shall fulfill the same bond requirements as provided by law for notaries in the parish in which the municipality is located. The municipality shall pay as an expense of the office of the chief of police the costs of the notarial seal, the notarial bond, and any fees required for filing the bond.
D. All acts performed by each ex officio notary public authorized by this Section shall be performed without charge or other compensation.
E. The chief of police may suspend or terminate an appointment made pursuant to this Section at any time, and separation from the employee of the police department shall automatically terminate the powers of the ex officio notary public. (Emphasis added).
 *1 OPINION NO. 83-43
February 16, 1983.
1-B AERONAUTICS — AIRPORTS — CIVIL AIR PATROL
60 LAW OFFICERS — AUTHORITY JURISDICTION
71 MUNICIPALITIES
Baton Rouge Airport Police Officers are municipal police Officers entitled to supplemental pay. R.S. 33:2218.2 R.S. 2:131 R.S. 2:138
 Mr. Sid Gautreaux Chairman Board of Review Municipal Police Officers Supplemental Pay Baton Rouge, Louisiana